# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**KIRK DAVID HALCOMB**
**ADC #661266**                                                                      **PLAINTIFF**

**V.**                    **CASE NO. 4:17-CV-727 SWW-BD**

**FRANK SPAIN, Prosecuting**
**Attorney,** *et al*.                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections:**

The following Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. Mr. Halcomb may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Halcomb may also waive any right to appeal questions of fact.

**II.**   **Background:**

Petitioner Kirk David Halcomb, an inmate in the Arkansas Department of Correction, filed this complaint under 42 U.S.C. § 1983. (Docket entry #2) Mr. Halcomb requested that he be allowed to proceed *in forma pauperis*. (#1) The Court

granted that request and ordered that Mr. Halcomb pay the $350.00 filing fee in monthly installments to be collected from his prison account. (#4)

Mr. Halcomb sued Ashley County Circuit Court Judge Don E. Glover, Prosecuting Attorney Frank Spain, and Public Defender Steven R. Porch in their official and personal capacities. (#2, at pp. 1-2) He claims that Defendants conspired to deprive him of his constitutional rights in retaliation for his complaints against Mr. Spain and Mr. Porch in an earlier case. (#2, a pp 5, 9-15)

Specifically, Mr. Halcomb alleges that during a January 12, 2015 revocation hearing, Judge Glover told him that he would be released from probation if he paid all outstanding fees within 90 days. (#2, at p. 7) Despite allegedly making the required payments, Mr. Halcomb was arrested for violating his probation. (#2, at p. 8) He maintains that, during the September 21, 2016 revocation hearing that followed, he reminded Judge Glover that his probation should be over because he paid his fees on time. (#2, at p. 8) During the hearing, Mr. Spain allegedly pointed out that there was no record of Judge Glover having made that representation. (#2, at p. 8) Mr. Halcomb's probation was revoked, and he was sentenced to two years' imprisonment in the Arkansas Department of Correction. (#2, at p. 9)

According to Mr. Halcomb, during the September 21, 2016 revocation hearing, his attorney, Mr. Porch, had the transcript and minutes of the January 12, 2015 hearing evidencing Judge Glover's representation. (#2, at 9) Mr. Halcomb alleges that Mr. Porch, Mr. Spain, and Judge Glover conspired to keep that evidence from him in an effort to

violate his due process rights and freedom; that is, to have his probation revoked. (#2, at 8-10). Mr. Halcomb maintains that Defendants altered and falsified the record of the revocation proceedings against him; for example, he asserts that Defendants altered the record to indicate that he pleaded guilty, which he denies. (#2, at 10-13) Mr. Halcomb seeks release from custody and damages. (#2, at 4)

**III.    Screening:**

Before docketing the complaint, or as soon thereafter as practicable, a prisoner's complaint brought under 42 U.S.C. § 1983 must be reviewed to determine whether it states a federal claim. Complaints that are frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from such relief are summarily dismissed. See 28 U.S.C. § 1915A.

Although a complaint requires only a short and plain statement of the claim showing that the plaintiff is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. See FED.R.CIV.P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985).

**IV. Discussion:**

The Court recommends dismissal of this lawsuit because Mr. Halcomb fails to state a claim for relief under 42 U.S.C. § 1983, as explained below.

If a judgment in favor of a prisoner in an action brought under 42 U.S.C. § 1983 would necessarily imply the invalidity of continued imprisonment, the prisoner cannot pursue a claim for damages until the sentence has been reversed, expunged, or called into question by a state tribunal or federal court. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). The so-called *Heck* bar has been extended to include claims that would imply the invalidity of a probation revocation. See *Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir. 1996).

Mr. Halcomb maintains that he did not plead guilty to violating his probation, and that his conviction was a result of the Defendants' conspiracy. A judgment in favor of Mr. Halcomb would necessarily imply the invalidity of his imprisonment, and he has not alleged that his sentence has been reversed, expunged, or invalidated. To the extent that Mr. Halcomb seeks damages for his allegedly unlawful confinement, his claims are *Heck*-barred.

Additionally, to the extent that Mr. Halcomb asks to be released from custody, that relief is not available in a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 500 (1973). Rather, Mr. Halcomb's sole remedy in seeking release from custody is through habeas corpus.

## V. Conclusion:

The Court recommends that Judge Wright DISMISS Kirk David Halcomb's complaint (#2), with prejudice. Furthermore, Judge Wright should find that the dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g) and should certify, under 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and would not be in good faith.

IT IS SO RECOMMENDED, this 22nd day of November 2017.

_____
UNITED STATES MAGISTRATE JUDGE